# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BEN WALKER,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO. 3:15-1930** |
| v. | : | **(MANNION, D.J.)** |
| | | **(SAPORITO, M.J.)** |
| **COURT OF COMMON PLEAS OF MONROE COUNTY, PENNSYLVANIA DOMESTIC RELATIONS SECTION,** *et al.* | : | |
| **Defendants.** | : | |

## MEMORANDUM

Pending before the court is the report and recommendation ("R&R") of Magistrate Judge Saporito, relating to the motion to dismiss filed on behalf of the Court of Common Pleas of Monroe County, Pennsylvania Domestic Relations Section (hereinafter "Court of Common Pleas"). (Doc. 5). Judge Saporito recommends that the motion to dismiss be granted; the plaintiff Ben Walker's claims against the Court of Common Pleas and its individual judicial officers be dismissed for lack of subject matter jurisdiction; and the plaintiff's claims against the Prothonotary of Monroe County be dismissed without prejudice for failure to timely perfect service. (Doc. 36, pp. 9-10).

By way of relevant background, on October 6, 2015, the plaintiff, proceeding *pro se*, filed the instant action against the Court of Common

Pleas of Monroe County, Pennsylvania Domestic Relations Section and the Prothonotary of Monroe County. (Doc. 1). As Judge Saporito accurately explains in his R&R, the plaintiff in this action was previously the defendant in a state protection from abuse ("PFA") case. (Doc. 36, p. 1). In his complaint filed before this court, the plaintiff "appears to claim that the several orders or docket entries in the underlying PFA case record are fraudulent or otherwise erroneous," and he seeks damages in the amount of $500,000. (Doc. 36, pp. 1-2). The Court of Common Pleas, in response, filed a motion to dismiss the plaintiff's claims pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure on several grounds including Eleventh Amendment immunity. (Doc. 5). Despite several orders issued by Judge Saporito directing the plaintiff to file a brief in opposition to the Court of Common Plea' motion to dismiss, the plaintiff has failed to file a brief or any other submission in opposition to the motion to dismiss.[1] *See* Doc. 9; Doc. 10; Doc. 19.

    In his report, Judge Saporito concludes that all claims against the Court

---

[1] The court notes that the plaintiff filed numerous letters to the court; however, none of these letters address the defendant's motion to dismiss or arguments set forth in support of the motion to dismiss. Instead most letters describe procedural deficiencies and include complaints relating to what the plaintiff perceives to be errors or inconsistencies on court documents.

of Common Pleas are subject to dismissal for lack of subject matter jurisdiction, because the Court of Common Pleas is immune from damages under the Eleventh Amendment. (Doc. 36, p. 6). Judge Saporito further finds that insofar as the plaintiff's complaint includes claims against individual judicial officers of the Court of Common Pleas, any such claims must be dismissed for failure to state a claim upon which relief may be granted because judicial officers are entitled to absolute judicial immunity. *Id.* at 6-7. Judge Saporito recommends that dismissal on these two bases be granted without leave to amend as any amendment would be futile. *Id.* at 7-8. Finally, in the R&R, Judge Saporito determines that the plaintiff failed to properly and timely serve the defendant Prothonotary of Monroe County, and therefore, the plaintiff's claims against this defendant be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). *Id.* at 8-9. No objections have been filed in response to Judge Saporito's R&R.

      Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (2010) (citing *Henderson*

3

*v. Carlson,* 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

      The court has reviewed the recommended bases for dismissal of the plaintiff's complaint presented by Judge Saporito. Because the court agrees with the sound reasoning that led Judge Saporito to the conclusions in his report and finds no clear error on the face of the record, the court will **ADOPT** the report in its entirety. The plaintiff's complaint is dismissed with prejudice insofar as it asserts claims against the Court of Common Please of Monroe County, Pennsylvania Domestic Relations Section and any of its judicial officers, and further dismisses any claims against the Prothonotary of Monroe County without prejudice. An appropriate order shall issue.

                                                      s/ *Malachy E. Mannion*
                                                  **MALACHY E. MANNION**
                                                  **United States District Judge**

**Dated: August 23, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1930-01.wpd